IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-616 (GMS) |
| | ) |
| IBASIS, INC., | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

**DEFENDANT IBASIS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AIP ACQUISITION LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant iBasis, Inc. ("iBasis"), by and through its undersigned counsel, submits this Answer, these Affirmative Defenses, and these Counterclaims in response to the Complaint for Patent Infringement ("the Complaint") filed by Plaintiff AIP Acquisition, LLC ("AIP"). To the extent not specifically admitted herein, the allegations of the Complaint are denied. Defendants deny any allegations that may be implied by or inferred from the headings of the Complaint.

## I.   ANSWER TO COMPLAINT

### RESPONSE TO THE PARTIES

1. In response to Paragraph 1, iBasis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them.

2. In response to Paragraph 2, iBasis admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 20 Second Avenue, Burlington, Massachusetts 01803.

## RESPONSE TO THE JURISDICTION AND VENUE

3. In response to Paragraph 3, iBasis admits that the Complaint purports to be an action under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular § 271, but specifically denies that any of AIP's claims have merit.

4. In response to Paragraph 4, iBasis admits that if Plaintiff has standing to assert U.S. Patent Nos. 5,606,602 ("the '602 patent), 5,917,897 ("the '897 patent"), 6,757,275 ("the '275 patent"), 7,586,662 ("the '662 patent"), or 7,724,879 ("the '879 patent") in its own name, this Court would have subject matter jurisdiction under 28 U.S.C. § 1338(a), inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States. iBasis specifically denies any infringement of any valid and enforceable claim.

5. In response to Paragraph 5, iBasis admits that this Court has personal jurisdiction over it. iBasis further admits that it is incorporated under the laws of the State of Delaware. iBasis denies that it regularly conducts and solicits business in Delaware or that it derives substantial revenue from goods used or services rendered in Delaware and within this judicial district.

6. In response to Paragraph 6, iBasis admits that venue is proper in this district, but contends that venue more properly lies in the District of Massachusetts because, among other reasons, iBasis has its principal place of business in Burlington, Massachusetts, and the District of Massachusetts is a more convenient forum for this action. iBasis is filing a motion to transfer to the District of Massachusetts under 28 U.S.C. § 1404(a) concurrently with this Answer.

## RESPONSE TO FACTUAL BACKGROUND

7. In response to Paragraph 7, iBasis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them.

8. In response to Paragraph 8, iBasis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them.

9. In response to Paragraph 9, iBasis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them.

10. In response to Paragraph 10, iBasis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them. Further, to the extent that Paragraph 10 contains conclusions of law as opposed to allegations of fact, no answer is required.

11. In response to Paragraph 11, iBasis admits that the '602 patent appears on its face to have been issued on February 25, 1997, and to be entitled "BIDDING FOR TELECOMMUNICATIONS TRAFFIC." iBasis admits that Exhibit A purports to be a copy of the '602 patent. To the extent that Paragraph 11 contains conclusions of law as opposed to allegations of fact, no answer is required. iBasis lacks knowledge or information sufficient to form a belief as to the truth the remaining allegations in Paragraph 11 and therefore denies them.

12. In response to Paragraph 12, iBasis admits that the '897 patent appears on its face to have been issued on June 29, 1999, and to be entitled "SYSTEM AND METHOD FOR CONTROLLING A TELECOMMUNICATION NETWORK IN ACCORDANCE WITH ECONOMIC INCENTIVES." iBasis admits that Exhibit B purports to be a copy of the '897 patent. To the extent that Paragraph 12 contains conclusions of law as opposed to allegations of fact, no answer is required. iBasis lacks knowledge or information sufficient to form a belief as to the truth the remaining allegations in Paragraph 12 and therefore denies them.

13. In response to Paragraph 13, iBasis admits that the '275 patent appears on its face to have been issued on June 29, 2004, and to be entitled "METHOD AND SYSTEM OF

MANAGING CONNECTIONS BETWEEN CIRCUIT-SWITCHED AND PACKET-SWITCHED NETWORKS." iBasis admits that Exhibit C purports to be a copy of the '275 patent. To the extent that Paragraph 13 contains conclusions of law as opposed to allegations of fact, no answer is required. iBasis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14. In response to Paragraph 14, iBasis admits that the '879 patent appears on its face to have been issued on May 25, 2010, and to be entitled "EFFICIENT COMMUNICATION THROUGH NETWORKS." iBasis admits that Exhibit D purports to be a copy of the '879 patent. To the extent that Paragraph 14 contains conclusions of law as opposed to allegations of fact, no answer is required. iBasis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies them.

15. In response to Paragraph 15, iBasis admits that the '662 patent appears on its face to have been issued on February 3, 2009, and to be entitled "METHOD AND SYSTEM OF MANAGING CONNECTIONS BETWEEN CIRCUIT-SWITCHED AND PACKET-SWITCHED NETWORKS." iBasis admits that Exhibit E purports to be a copy of the '662 patent. To the extent that Paragraph 15 contains conclusions of law as opposed to allegations of fact, no answer is required. iBasis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies them.

16. In response to Paragraph 16, iBasis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them. To the extent that Paragraph 15 contains conclusions of law as opposed to allegations of fact, no answer is required.

*Response to iBasis' Allegedly Infringing Services*

17. Denied.

18. Denied. To the extent that Paragraph 18 contains conclusions of law, no answer is required.

19. Denied. To the extent that Paragraph 19 contains conclusions of law, no answer is required.

20. Denied. To the extent that Paragraph 20 contains conclusions of law t, no answer is required.

21. Denied. To the extent that Paragraph 21 contains conclusions of law, no answer is required.

22. Denied. To the extent that Paragraph 22 contains conclusions of law, no answer is required.

23. Denied.

## CLAIMS FOR RELIEF

### Count I: Alleged Infringement of the '602 Patent

24. iBasis repeats and realleges Paragraphs 1 through 23 of the Answer as if fully set forth herein.

25. Denied.

26. Denied.

### Count II: Alleged Infringement of the '897 Patent

27. iBasis repeats and realleges Paragraphs 1 through 26 of the Answer as if fully set forth herein.

28. Denied.

29. Denied.

### Count III: Alleged Infringement of the '275 Patent

30. iBasis repeats and realleges Paragraphs 1 through 29 of the Answer as if fully set forth herein.

31. Denied.

32. Denied.

### Count IV: Alleged Infringement of the '879 Patent

33. iBasis repeats and realleges Paragraphs 1 through 32 of the Answer as if fully set forth herein.

34. Denied.

35. Denied.

### Count V: Alleged Infringement of the '662 Patent

36. iBasis repeats and realleges Paragraphs 1 through 35 of the Answer as if fully set forth herein.

37. Denied.

38. Denied.

### DEMAND FOR JURY TRIAL

39. In response to Paragraph 39, iBasis admits that AIP requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

iBasis denies that AIP is entitled to any relief.

## GENERAL DENIAL

iBasis denies each and every allegation contained in the Complaint to which iBasis has not specifically responded or expressly admitted.

## II. AFFIRMATIVE DEFENSES

iBasis alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, iBasis specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery. For its affirmative defenses to the Complaint, iBasis alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

iBasis is not infringing and has not infringed any valid, enforceable claim of the '602, '897, '275, '879, or '662 patents.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

One or more claims of the '602, '897, '275, '879, and '662 patents are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, et seq., including without limitation §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver, Laches, Estoppel)

AIP's claims for relief, in whole or in part, are barred by the doctrines of waiver (express or implied), laches, acquiescence, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE
(Prosecution History Estoppel, Prosecution Disclaimer)

AIP's claims for relief, in whole or in part, are barred by the doctrines of prosecution history estoppel and prosecution disclaimer.

### SIXTH AFFIRMATIVE DEFENSE
(Limitations on Damages/Marking)

Any claim by AIP for damages is limited under 35 U.S.C. §§ 286 and 287.

### SEVENTH AFFIRMATIVE DEFENSE
(Reservation of Affirmative Defenses)

iBasis reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

WHEREFORE, iBasis denies that it infringes or has infringed any valid and enforceable claim of the '602, '897, '275, '879, and/or '662 patents and further denies that AIP is entitled to any judgment against iBasis whatsoever. iBasis asks that AIP's Complaint be dismissed with prejudice, that judgment be entered for iBasis, and that iBasis be awarded its attorneys' fees, expenses, and costs incurred in defending against AIP's Complaint, together with such other relief the Court deems appropriate.

## III. COUNTERCLAIMS

Pursuant to the Federal Rules of Civil Procedure 13, Defendant and Counterclaim-Plaintiff iBasis alleges the following against Plaintiff and Counterclaim-Defendant AIP Acquisition, LLC ("AIP"):

### PARTIES

1. iBasis is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 20 Second Avenue, Burlington, Massachusetts 01803.

2. AIP is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024.

### JURISDICTION AND VENUE

3. Subject to the affirmative defenses and denials set forth above, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. If this action remains in this district, venue is proper in this district on these Counterclaims because AIP will have consented to jurisdiction in this district by filing suit against iBasis in this district.

5. If this action remains in this district, then AIP will have submitted to the personal jurisdiction of this Court by bringing the present action alleging infringement of the '602, '897, '275, '879, and '662 patents.

## COUNTERCLAIM COUNT ONE
### (Declaratory Judgment of Non-Infringement of the '602 Patent)

6. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-5 of these Counterclaims as if fully set forth herein.

7. AIP has sued iBasis in the present action, alleging infringement of the '602 patent. Thus, an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '602 patent.

8. iBasis is not infringing, and has not infringed any valid, enforceable claim of the '602 patent.

9. iBasis is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '602 patent.

## COUNTERCLAIM COUNT TWO
### (Declaratory Judgment of Non-Infringement of the '897 Patent)

10. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-9 of these Counterclaims as if fully set forth herein.

11. AIP has sued iBasis in the present action, alleging infringement of the '897 patent. Thus, an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '897 patent.

12. iBasis is not infringing, and has not infringed any valid, enforceable claim of the '897 patent.

13. iBasis is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '897 patent.

## COUNTERCLAIM COUNT THREE
### (Declaratory Judgment of Non-Infringement of the '275 Patent)

14. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-13 of these Counterclaims as if fully set forth herein.

15. AIP has sued iBasis in the present action, alleging infringement of the '275 patent. Thus, an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '275 patent.

16. iBasis is not infringing, and has not infringed any valid, enforceable claim of the '275 patent.

17. iBasis is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '275 patent.

## COUNTERCLAIM COUNT FOUR
### (Declaratory Judgment of Non-Infringement of the '879 Patent)

18. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-17 of these Counterclaims as if fully set forth herein.

19. AIP has sued iBasis in the present action, alleging infringement of the '879 patent. Thus, an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '879 patent.

20. iBasis is not infringing, and has not infringed, any valid, enforceable claim of the '879 patent.

21. iBasis is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '879 patent.

## COUNTERCLAIM COUNT FIVE
### (Declaratory Judgment of Non-Infringement of the '662 Patent)

22. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-21 of these Counterclaims as if fully set forth herein.

23. AIP has sued iBasis in the present action, alleging infringement of the '662 patent. Thus, an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '662 patent.

24. iBasis is not infringing, and has not infringed any valid, enforceable claim of the '662 patent.

25. iBasis is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '662 patent.

## COUNTERCLAIM COUNT SIX
### (Declaratory Judgment of Invalidity of the '602 Patent)

26. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-25 of these Counterclaims as if fully set forth herein.

27. AIP has sued iBasis in the present action, alleging infringement of the '602 patent. Thus an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '602 patent.

28. The claims of the '602 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

29. iBasis is entitled to a declaratory judgment that the claims of the '602 patent are invalid.

## COUNTERCLAIM COUNT SEVEN
### (Declaratory Judgment of Invalidity of the '897 Patent)

30. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-29 of these Counterclaims as if fully set forth herein.

31. AIP has sued iBasis in the present action, alleging infringement of the '897 patent. Thus an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '897 patent.

32. The claims of the '897 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

33. iBasis is entitled to a declaratory judgment that the claims of the '897 patent are invalid.

## COUNTERCLAIM COUNT EIGHT
### (Declaratory Judgment of Invalidity of the '275 Patent)

34. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-33 of these Counterclaims as if fully set forth herein.

35. AIP has sued iBasis in the present action, alleging infringement of the '275 patent. Thus an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '275 patent.

36. The claims of the '275 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

37. iBasis is entitled to a declaratory judgment that the claims of the '275 patent are invalid.

## COUNTERCLAIM COUNT NINE
### (Declaratory Judgment of Invalidity of the '879 Patent)

38. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-37 of these Counterclaims as if fully set forth herein.

39. AIP has sued iBasis in the present action, alleging infringement of the '879 patent. Thus an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '879 patent.

40. The claims of the '879 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

41. iBasis is entitled to a declaratory judgment that the claims of the '879 patent are invalid.

## COUNTERCLAIM COUNT TEN
### (Declaratory Judgment of Invalidity of the '662 Patent)

42. iBasis repeats and re-alleges the allegations of the preceding paragraphs 1-41 of these Counterclaims as if fully set forth herein.

43. AIP has sued iBasis in the present action, alleging infringement of the '662 patent. Thus an immediate, real, and justiciable controversy exists between AIP, on the one hand, and iBasis, on the other hand, with respect to the alleged infringement of the '662 patent.

44. The claims of the '662 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

45. iBasis is entitled to a declaratory judgment that the claims of the '662 patent are invalid.

## DEMAND FOR JURY TRIAL

46. Pursuant to Federal Rule of Civil Procedure 38(b), iBasis requests a trial by jury on all issues properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, iBasis respectfully requests the following relief:

A. That AIP take nothing by its Complaint for Patent Infringement;

B. That AIP's Complaint for Patent Infringement be dismissed with prejudice and that all relief requested by Plaintiff be denied with prejudice;

C. That the Court find and declare that iBasis has not infringed and does not infringe any valid, enforceable claim of the '602 patent;

D. That the Court find and declare that iBasis has not infringed and does not infringe any valid, enforceable claim of the '897 patent;

E. That the Court find and declare that iBasis has not infringed an any valid, enforceable claim of the '275 patent;

F. That the Court find and declare that iBasis has not infringed and does not infringe any valid, enforceable claim of the '879 patent;

G. That the Court find and declare that iBasis has not infringed and does not infringe any valid, enforceable claim of the '662 patent;

H. That the Court find and declare that each claim of the '602 patent is invalid;

I. That the Court find and declare that each claim of the '897 patent is invalid;

J. That the Court find and declare that each claim of the '275 patent is invalid;

K. That the Court find and declare that each claim of the '879 patent is invalid;

L. That the Court find and declare that each claim of the '662 patent is invalid;

M. That the Court find and declare that this is an exceptional case under 35 U.S.C. § 285 and that AIP be awarded all of its costs, expenses, and attorneys' fees, together with interest; and

N. That the Court award to iBasis such further relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Counterclaimant iBasis demands trial by jury for all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Matthew J. Moore
Inge A. Osman
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
(202) 637-2200

Clement Naples
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200

July 27, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 27, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Kenneth L. Dorsney, Esquire<br>Mary B. Matterer, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Karen H. Bromberg, Esquire<br>Francisco A. Villegas, Esquire<br>Damir Cefo, Esquire<br>Maria Granovsky, Esquire<br>COHEN & GRESSLER LLP<br>800 Third Avenue<br>New York, NY  10022 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
_____
Jack B. Blumenfeld (#1014)