IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AIP ACQUISITION LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-616 (GMS) |
| | ) | |
| IBASIS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT IBASIS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404(A)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Matthew J. Moore
Inge A. Osman
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004-1304
(202) 637-2200

Clement Naples
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022-4834
(212) 906-1200

July 27, 2012

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

II.  SUMMARY OF THE ARGUMENT ................................................................................... 1

III. FACTUAL BACKGROUND .............................................................................................. 2
    A.   iBasis .................................................................................................................... 2
    B.   The Plaintiff .......................................................................................................... 4

IV.  LEGAL STANDARD ........................................................................................................ 5

V.   ARGUMENT ..................................................................................................................... 6
    A.   This Action Could Have Been Brought in the District of Massachusetts ............. 6
    B.   The Private Factors Weigh in Favor of Transfer .................................................. 7
         1.   Plaintiff Is Not Litigating on Its "Home Turf" ............................................ 7
         2.   iBasis' Forum Preference Should Be Entitled to Substantial Weight ......... 9
         3.   The Operative Events Occurred in Massachusetts ...................................... 9
         4.   Massachusetts Is a More Convenient Forum for iBasis and No Less
              Convenient for Plaintiff ............................................................................. 10
         5.   Massachusetts Witnesses May Be Unavailable for Trial in
              Delaware .................................................................................................... 11
         6.   The Location of Relevant Books and Records Favors Transfer ............... 13
    C.   The Public Interest Factors Also Weigh In Favor of Transfer ............................ 14

VI.  CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

## CASES

*Affymetrix, Inc. v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998) ............................................................................... *passim*

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
  295 F. Supp. 2d 393 (D. Del. 2002) ........................................................................................ 8

*Fuisz Pharma LLC v. Theranos, Inc.*,
  No. 11-1061-SLR-CJB, 2012 U.S. Dist. LEXIS 69835 (D. Del. May 18, 2010) ................. 9, 10

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................. 13

*In re Link_A_Media Devices Corp.*,
  662 F.3d 1221 (Fed. Cir. 2011) ..................................................................................... 7, 8, 13

*IP Venture, Inc. v. ACER, Inc.*,
  C.A. No. 11-588-RGA, at 10-11 (D. Del. June 24, 2012) ....................................................... 14

*Ivoclar Vivadent AG v. 3M Co.*,
  No. 11-1183-GMS-SRF, 2012 U.S. Dist. LEXIS 86934 (D. Del. June 22, 2012) ...................... 9

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ............................................................................................ 5, 6, 11

*Nilssen v. Osram Sylvania, Inc.*,
  No. Civ. A. 00-695-JJF, 2001 WL 34368395 (D. Del. May 1, 2001) ...................................... 11

*Pall Corp. v. Bentley Labs., Inc.*,
  523 F. Supp. 450 (D. Del. 1981) .......................................................................................... 6, 7

*Signal Tech, LLC v. Analog Devices, Inc.*,
  No. 11-1073-RGA, 2012 U.S. Dist. LEXIS 46822 (D. Del. Apr. 3, 2012) ....................... *passim*

*TCW/Camil Holding L.L.C. v. Fox Haron & Camerini LLP*,
  No. 03-1154-SLR, 2004 U.S. Dist. LEXIS 7994 (D. Del. Apr. 30, 2004) ............................. 7, 8

*Wacoh Co. v. Kionix Inc.*,
  No. 10-617-RGA, 2012 U.S. Dist. LEXIS 2166 (D. Del. Jan. 9, 2012) ........................... 5, 9, 11

## STATUTES

28 U.S.C. § 1291(b)(1) .................................................................................................................. 6

28 U.S.C. § 1404(a) ...................................................................................................................... 5

I.     **NATURE AND STAGE OF PROCEEDINGS**

On May 17, 2012, Plaintiff AIP Acquisition, LLC ("AIP") filed this action, accusing Defendant iBasis, Inc. ("iBasis") of infringing U.S. Patent Nos. 5,606,602 ("the '602 patent"), 5,917,897 ("the '897 patent"), 6,757,275 ("the '275 patent"), 7,724,879 ("the '879 patent"), and 7,486,662 ("the '662 patent") (the "Asserted Patents").  AIP alleges that iBasis' Value Voice, Direct Voice, Certified Voice Service, and Premium Voice Service (the "Accused Products and Services") infringe the Asserted Patents.  (Complaint for Patent Infringement ("Compl.") ¶ 17, D.I. 1.)  iBasis submits this Opening Brief in Support of its Motion to Transfer Venue to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

II.    **SUMMARY OF THE ARGUMENT**

1.     Defendant iBasis, Inc. ("iBasis") respectfully requests that the Court transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

2.     This patent infringement case belongs in the District of Massachusetts because iBasis' witnesses and documents are located in Massachusetts, and no other relevant witnesses or documents appear to be located in Delaware.  iBasis' principle place of business is in Massachusetts.  The accused products and services were designed in Massachusetts.  iBasis' employees most knowledgeable about the accused products and services are located in Massachusetts.  And the documentation related to the accused products and services is located in Massachusetts.  While iBasis is incorporated in Delaware, it does not have any offices, facilities, employees or documents in Delaware.

3.     Plaintiff's choice of forum should be given little deference because Delaware is not its "home turf."  Courts in this district have held that a Plaintiff's "home turf" is the forum closest to the plaintiff's residence or principal place of business which can exercise personal

1

jurisdiction over the defendant at the time that the lawsuit is filed. That forum is not the District of Delaware. It is the District of New Jersey, where Plaintiff has its principal place of business.

4. Massachusetts is no less convenient than Delaware for Plaintiff. Although Plaintiff is incorporated in Delaware, its witnesses and documents are most likely in New Jersey, which is equally convenient to Massachusetts or Delaware. None of Plaintiff's witnesses or documents appear to be located in Delaware. In fact, Plaintiff appears to be a recently formed non-practicing entity. Accordingly, it most likely does not have a large number of witnesses or documents.

5. Finally, three potential non-party witnesses with unique knowledge of the accused products and services and possibly the asserted patents reside in Massachusetts. These three potential non-party witnesses could be compelled to testify at a trial in Massachusetts, but they could not be compelled to testify in Delaware. No such witnesses are believed to reside in Delaware.

6. iBasis, therefore, respectfully requests that the Court transfer this case to the District of Massachusetts.

### III.   FACTUAL BACKGROUND

#### A.   iBasis

iBasis was formed in 1996. (Joseph Declaration ¶ 5.) It provides, *inter alia*, voice over internet protocol ("VOIP") and other telecommunications services to large telecommunications carriers around the world. (*Id.* ¶ 4.) The Accused Products and Services are, essentially, telecommunications services that provide various levels of call quality for international fixed and mobile voice traffic through iBasis' global network. (*Id.*)

Although iBasis is incorporated in Delaware, its headquarters and principal place of business are located in Burlington, Massachusetts. (*Id.* ¶ 5.) iBasis has operated continuously in

Massachusetts since 1996, and the design and development of the Accused Products and Services took place primarily in Massachusetts. (*Id.* ¶¶ 5, 12.) No design or development took place in Delaware. (*Id.* ¶ 12.)

iBasis has no offices, warehouses, operations, or other facilities, technical or otherwise, in Delaware. (*Id.* ¶ 6.) iBasis does not manufacture any products or conduct any research or development in Delaware. (*Id.*) Nor does iBasis have any bank accounts, mail drops, or telephone numbers in Delaware. (*Id.*)

iBasis has approximately 346 employees, with 212 of them based in Massachusetts, 118 based outside the United States, and the remainder based in other US states. (*Id.* ¶ 7.) iBasis has no employees in Delaware. (*Id.*) Seven of iBasis' eight top executive officers are based in Massachusetts. (*Id.* ¶ 8.) These include its CEO, CFO, CTO, General Counsel, Vice President of Global Human Resources, Senior Vice President of Operations, and Senior Vice President of Product Management. (*Id.*) The remaining top executive officer, iBasis' Global Sales Officer, is based in the Netherlands. (*Id.*) None of iBasis' top executives are based in Delaware. (*Id.*) Further, the vast majority of iBasis employees knowledgeable about the design, development, marketing, operation, and sales of the Accused Products and Services are located in Massachusetts. (*Id.* ¶ 9.) No one knowledgeable about the design, development, sales or marketing of the Accused Products and Services is located in Delaware. (*Id.*)

Similarly, the documents that describe the design, development, sales, and marketing of the Accused Products and Services are located primarily in Massachusetts. (*Id.* ¶ 13.) Other materials, if any, may also be located abroad. (*Id.*) No such documents are located in Delaware. (*Id.*)

With respect to its operations, iBasis owns and operates various types of telecommunications hardware around the world. (*Id.* ¶ 14.) This hardware is used, in general, to facilitate iBasis' provision of the Accused Products and Services. No iBasis hardware or software used to provide these telecommunications services is located in Delaware. (*Id.*)

In addition, iBasis is aware of three potential non-party witnesses located in Massachusetts. First, iBasis may wish to call its co-founders, Ofer Gneezy and Gordon VanderBrug, who left iBasis in 2009. (*Id.* ¶ 10.) These individuals may have relevant information regarding, for instance, the sales of products or services that pre-date the filing of the asserted patents and could therefore be relevant to the validity of one or more claims of the asserted patents. For instance, iBasis was formed in 1996 but the asserted '662 and '275 patents both have priority dates after 1996.

Second, iBasis may wish to call Daniel Powdermaker. Mr. Powdermaker was an early member of iBasis' management team and served as iBasis' Senior Vice President of Sales from 2002-2007. (*Id.* ¶ 11.) In 2007, Mr. Powdermaker left iBasis to join Arbinet Corporation ("Arbinet"), the owner of the Asserted Patents up until February 2011, when Plaintiff acquired the patents from Arbinet. (*Id.*) Mr. Powdermaker may have relevant information related to, among other things, the sale of the Asserted Patents, Arbinet products that are alleged to practice any of the Asserted Patents, and any similarities or differences between any such Arbinet products and the Accused Products or Services.

**B.    The Plaintiff**

Plaintiff AIP "is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business [in] . . . Fort Lee, New Jersey." (Compl. ¶ 1, D.I. 1.) Although Plaintiff is a Delaware company, this seems to be the extent of its ties to the

state. According to iBasis' research, Plaintiff's sole manager, Karen Singer, is located in New Jersey, not Delaware. iBasis is not aware of any other ties between Delaware and Plaintiff.

Plaintiff appears to be non-practicing entity that was formed to bring patent infringement suits. It appears that Plaintiff was incorporated in Delaware on January 5, 2011, and three weeks later, for $4,000,000, acquired a portfolio of patents from Arbinet that included the Asserted Patents. (Exh. A at 2.) Since that time, it appears that all Plaintiff has done is bring this lawsuit and two others in this district, one against Equinix, Inc. ("Equinix") and one against L3 Communications, Inc. ("L3"). (*See* Exh. B; Exh. C.) All three lawsuits were filed the same day. The same patents in this action are asserted against L3. A different patent is asserted against Equinix.

## IV. LEGAL STANDARD

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Third Circuit has explained that § 1404(a) "was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The threshold inquiry in determining whether to transfer an action under § 1404(a) is whether the action "could have been brought" in the proposed transferee district. *See Wacoh Co. v. Kionix Inc.*, No. 10-617-RGA, 2012 U.S. Dist. LEXIS 2166, at *6 (D. Del. Jan. 9, 2012). An action "could have been brought" in the transferee district if the district has subject matter jurisdiction over the claims, personal jurisdiction over the parties, and is a proper venue. A corporation is subject to personal jurisdiction and venue is proper where it has its principal place of business. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 196 (D. Del. 1998) (citing

5

28 U.S.C. § 1291(b)(1)); *see also Pall Corp. v. Bentley Labs., Inc.*, 523 F. Supp. 450, 451 (D. Del. 1981) (finding that an action "could have been brought in the California Court because [defendant] maintains its principal place of business in Irvine, California").

If a suit could have been brought in the proposed transferee district, courts in the Third Circuit apply the private and public interests set forth in *Jumara* to determine whether transfer is warranted and would convenience the parties and the witnesses while serving the interests of justice as required by Section 1404(a). *See, e.g., Affymetrix*, 28 F. Supp. 2d at 196. The private factors include: "[1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879 (citations omitted). The public factors include: "[1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80 (citations omitted).

As set forth below, each of these factors weighs in favor transferring this case to the District of Massachusetts.

V. **ARGUMENT**

A. **This Action Could Have Been Brought in the District of Massachusetts**

iBasis is subject to personal jurisdiction in Massachusetts because it has its principal place of business there. *See Affymetrix*, 28 F. Supp. 2d at 196 (corporate defendant subject to

6

personal jurisdiction where it had its principal place of business). Because personal jurisdiction is appropriate in the District of Massachusetts, venue is proper there as well. *See Pall Corp.*, 523 F. Supp. at 451 n. 5 ("Under 28 U.S.C. § 1391(c), a corporation is considered a resident for venue purposes in the district in which it is incorporated or licensed to do business or is doing business."). Accordingly, this case could have been brought in the District of Massachusetts, and the Court should therefore consider the *Jumara* factors in deciding whether to transfer the case to the District of Massachusetts.

### B. The Private Factors Weigh in Favor of Transfer

#### 1. Plaintiff Is Not Litigating on Its "Home Turf"

Although the plaintiff's choice of forum is important, Delaware courts and the Federal Circuit have given this factor less weight where the plaintiff was not litigating on its "home turf," which has been interpreted in many instances to mean the location of the plaintiff's principal place of business. *TCW/Camil Holding L.L.C. v. Fox Haron & Camerini LLP*, No. 03-1154-SLR, 2004 U.S. Dist. LEXIS 7994, at *5-6 (D. Del. Apr. 30, 2004) (holding that "the District of Delaware is not plaintiff's 'home turf,' since it maintains its principal place of business in New York" even though plaintiff was incorporated in Delaware); *Signal Tech, LLC v. Analog Devices, Inc.*, No. 11-1073-RGA, 2012 U.S. Dist. LEXIS 46822, at *5 (D. Del. Apr. 3, 2012) (holding that "Delaware is not the plaintiff's home turf" where plaintiff was incorporated in Delaware but did not have a principal place of business there); *Affymetrix, Inc.*, 28 F. Supp. at 198 n.6 ("In the District of Delaware, 'home turf' is defined as the forum closest to the plaintiff's residence or principal place of business which can exercise personal jurisdiction over the defendant at the time that the lawsuit is filed."); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (cautioning against according too much weight to the plaintiff's choice of forum in situations in which the plaintiff does not choose to bring suit on its home turf).

Here, Plaintiff's principal place of business is New Jersey, not Delaware. (Compl. ¶ 1.) Thus, it is not litigating on its "home turf." Indeed, Plaintiff's sole connection to Delaware appears to be that it incorporated here last year, and that it recently filed three lawsuits here. Plaintiff appears to have no employees, offices, or other place of business within the state of Delaware. In fact, Plaintiff appears to have been recently established solely to assert a portfolio of patents it acquired on February 11, 2011. Accordingly, Plaintiff's choice of forum should not be given much weight. *TCW/Camil Holding*, 2004 U.S. Dist. LEXIS 7994 at *5-6.; *see also In re Link_A_Media*, 662 F.3d at 1223 (cautioning against according too much weight to the plaintiff's choice of forum in situations in which the plaintiff does not choose to bring suit on its home turf).

Indeed, in a similar situation, Judge Andrews held that for purposes of a transfer analysis, a recently incorporated company like Plaintiff "is the equivalent of not being a Delaware corporation." *Signal Tech*, 2012 U.S. Dist. LEXIS 46822, at *10. In *Signal Tech*, the court found that where, *inter alia*, the plaintiff had no place of business in Delaware, no employees in Delaware, and no connection to the state other than its very recent incorporation there, "the plaintiff [was] the equivalent of not being a Delaware corporation" (*Id.* at *10) and that therefore its choice of forum was "not entitled to 'paramount' consideration." *Id.* at *14. Thus, as with the plaintiff in *Signal Tech*, Plaintiff's choice of forum should be accorded little weight. *See also APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) (transferring despite the fact that both parties were Delaware corporations because "[w]here an alternative forum is more convenient and has more substantial connections with the litigation incorporation in Delaware will not prevent transfer") (citation and internal quotation marks omitted).

### 2. iBasis' Forum Preference Should Be Entitled to Substantial Weight

Courts in this district have held that where the defendant's preferred forum is based upon the location of its principal place of business is located, and most of its employees its top management, this factor weighs in favor of transfer. *See Signal Tech*, 2012 U.S. Dist. LEXIS 46822, at *5. iBasis' preferred forum is Massachusetts where (1) it maintains its principal place of business, (2) the majority its employees are located and (3) almost all of its top management is located. (Joseph Decl. ¶¶ 5, 7-8.) Moreover, the Accused Products and Services were developed primarily in Massachusetts, the most of the relevant documents and information are located in Massachusetts, and certain non-party witnesses (discussed further below) are also located in Massachusetts. Accordingly, this factor weighs heavily in favor of transfer. *See also Fuisz Pharma LLC v. Theranos, Inc.*, No. 11-1061-SLR-CJB, 2012 U.S. Dist. LEXIS 69835, at *38-39 (D. Del. May 18, 2010) (finding that defendant's forum preference weighed in favor of transfer where defendant's principal place of business is in the transferee district, its services and products are developed there, many of its employees live there, and many documents likely to be important to the case are located there).

### 3. The Operative Events Occurred in Massachusetts

In considering motions to transfer, courts in this district consider the location of operative events, or whether the claim arose elsewhere, but have typically treated this factor as neutral in patent cases. *See, e.g., Affymetrix*, 28 F. Supp. 2d at 200; *Wacoh*, 2012 U.S. Dist. LEXIS 2166, at *10. They have also noted, however, that, "'[t]o some extent the claims ar[i]se where the allegedly infringed products [a]re designed and manufactured.'" *Ivoclar Vivadent AG v. 3M Co.*, No. 11-1183-GMS-SRF, 2012 U.S. Dist. LEXIS 86934, at *30 (D. Del. June 22, 2012) (citations omitted).

9

Here, the Accused Products and Services were designed and developed primarily in Massachusetts. (Joseph Decl. ¶¶ 12.) As noted above, no design or development related to the Accused Products took place in Delaware. (*Id.*) Further, although it is true that, given the nature of the Accused Products and Services, someone in Delaware could conceivably be involved in the use of the Accused Products and Services, there is nothing unique about Delaware. Telephone calls involving one or more of the Accused Products and Services could touch on any number of states. At bottom, Delaware has essentially no connection to the operative events, but the District of Massachusetts plainly does. Accordingly, this factor also weighs in favor of transfer to the District of Massachusetts. *Fuisz Pharma*, 2012 U.S. Dist. LEXIS 69835, at *40 (finding this factor weighed in favor of transfer where defendant "developed its technology [in the transferee district] and maintains its laboratories, manufacturing and business operations there").

  **4.** **Massachusetts Is a More Convenient Forum for iBasis and No Less Convenient for Plaintiff**

In assessing the convenience of the parties, Courts have traditionally examined the following factors: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Fuisz Pharma*, 2012 U.S. Dist. LEXIS 69835, at *40-41.

Massachusetts is a far more convenient forum for iBasis and is not less convenient for Plaintiff. It is undisputed that iBasis is located Massachusetts and Plaintiff is located in New Jersey. Moreover, iBasis' operations and employees are located [primarily] in Massachusetts and none are located in Delaware. (Joseph Decl. ¶¶ 5, 7, 12-13.) Requiring iBasis' employees to

travel across the country for this litigation (were the case to proceed to trial), would take significant time away from their work at iBasis and would accordingly be more costly for iBasis.

With respect to Plaintiff, Massachusetts is as convenient as Delaware. Plaintiff's principal place of business is in between the two districts, and Plaintiff appears to have no relevant connections with Delaware that would make it more convenient than Massachusetts. Furthermore, Plaintiff appears to be a very well-funded non-practicing entity, and transferring the case to Massachusetts will not impose an unreasonable, if any, additional financial burden on it. *Wacoh,* 2012 U.S. Dist. LEXIS 2166, at *15 (transferring case even though plaintiff would be litigating a similar case in two different districts because the cost savings for the transferee were greater than the minor increase in costs for the plaintiff, which would have to litigate two separate cases regardless of where the cases were.) Thus, consideration of this factor weighs in favor of transfer.

### 5. Massachusetts Witnesses May Be Unavailable for Trial in Delaware

In deciding a motion to transfer, courts in this Circuit also consider "the convenience of the witnesses . . . to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara,* 55 F.3d at 879. "Of particular concern . . . are fact witnesses who may not appear of their own volition in the venue-at-issue and who could not be compelled to appear by subpoena pursuant to Federal Rule of Civil Procedure 45." *Fuisz Pharma,* 2012 U.S. Dist. LEXIS 69835, at *47; *see also Affymetrix,* 28 F. Supp. 2d at 203 ("Fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit . . . have traditionally weighed quite heavily in the 'balance of convenience' analysis." (citations omitted)). To establish unavailability, it is sufficient to show that the witness is not subject to the court's subpoena power. *See Nilssen v. Osram Sylvania, Inc.,* No. Civ. A. 00-695-JJF, 2001 WL 34368395, at *2 (D. Del. May 1, 2001).

iBasis is not presently aware of any relevant witnesses who are in the subpoena power of this Court. In addition, although iBasis cannot presently identify all of the non-party witnesses who may be necessary to support its claims or defenses in this action, it is currently aware of at least three witnesses who likely have relevant information related to invalidity and non-infringement. All of these witnesses are believed to be beyond the subpoena power of the Delaware Court but within that of the Massachusetts Court.

First, the co-founders of iBasis, Ofer Gneezy and Gordon VanderBrug, left iBasis in 2009 but are believed to presently reside in Massachusetts. (Joseph Decl. ¶ 10.) Because iBasis was founded on August 2, 1996 and the co-founders were integrally involved in the development of iBasis' products, they may have relevant information related to invalidity and non-infringement of the Asserted Patents.. (*Id.*) iBasis would likely find it useful to rely on the testimony from the co-founders regarding the design and development of the Accused Products and Services, and also with respect to the state of the art at the time of filing the Asserted Patents. Furthermore, these individuals may have relevant information regarding the sales of products or services that pre-date the filing of the Asserted Patents and could therefore be relevant to the validity of one or more claims of the Asserted Patents, at least with respect to the '662 and '275 patents, which both have priority dates after 1996.

Second, Daniel Powdermaker, the former Senior Vice President of Worldwide Sales for iBasis for over five years and an early member of the iBasis management team, left the company to join competitor Arbinet in 2007 but has remained in Massachusetts. (Joseph Decl. ¶ 11.) Mr. Powdermaker started at iBasis in 1997 and was an early member of the management team. (*Id.*) Arbinet owned all of the asserted patents up until last year, when Plaintiff acquired them as part of a portfolio that it purchased for $4,000,000. Accordingly, Mr. Powdermaker may have

relevant information related to, for instance, the sale and value of the Asserted Patents, Arbinet products that may practice any of the Asserted Patents, the sale of the Accused Products and Services prior to the filing dates of certain of the Asserted Patents, and any similarities or differences between any such Arbinet products and the Accused Products or Services.

Further, iBasis expects that any employees who retire or resign from iBasis before trial are much more likely to be within the subpoena power of the Massachusetts District Court than this Court. *Signal Tech,* 2012 U.S. Dist. LEXIS 46822, at *7-8 ("Ex-employees (and, with the passage of time from now until trial, it is possible, if not probable, that some employees will become ex-employees) would not be subject to this Court's subpoena power, but would stand a much better chance of continuing to be subject to the subpoena power in the District of Massachusetts."). Accordingly, this factor also weighs in favor of transfer.

### 6. The Location of Relevant Books and Records Favors Transfer

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.,* 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation and quotation marks omitted). Though modern technology has reduced the burdens imposed by transporting documentary evidence, "it is improper to ignore" this factor entirely. *In re Link_A_Media Devices,* 662 F.3d at 1224.

The relevant documents, books, and records in this case are in Massachusetts, not Delaware, thus favoring a transfer to Massachusetts. Indeed, essentially all of the relevant evidence in iBasis' possession, custody or control regarding the alleged infringement is located at iBasis' headquarters in Massachusetts or is accessible from iBasis' headquarters in Massachusetts. (Joseph Decl. ¶ 13.) No such evidence is known to exist in or be readily accessible from Delaware. (*Id.*)

### C. The Public Interest Factors Also Weigh In Favor of Transfer

Although most of the public interest factors weigh are neutral, one weighs in favor of transfer.[1] Specifically, the practical considerations that could make the trial easy, expeditious, or inexpensive weighs in favor of transfer.

In considering the practical considerations that could make the trial easy, expeditions, or inexpensive, courts have explained that "it would be less expensive for the defendant to litigate where its operations are" and "[i]t would also interfere less with the defendant's business operations if there were no travel to Delaware involved." *Signal Tech*, 2012 U.S. Dist. LEXIS 46822, at *9.

Here, it would be substantially less expensive and more convenient for iBasis to litigate this matter where its operations, employees, and documents are located. It would also interfere less with iBasis' business operations if its employees did not have to travel to Delaware. Further, Plaintiff's litigation expenses would not increase, given that its principal place of business in New Jersey, approximately equidistant from Delaware and Massachusetts.

Further, the fact that Plaintiff filed suit against L3 for infringement of the Asserted Patents on the same day that it filed this suit is of no moment. *See, e.g., IP Venture, Inc. v. ACER, Inc.*, C.A. No. 11-588-RGA, at 10-11 (D. Del. June 24, 2012) (Exhibit D) (transferring one out of eight co-defendants to the Northern District of California while maintaining the remaining defendants in District of Delaware when the court had no particular knowledge of the patents-in-suit."); *Signal Tech, LLC,* 2012 U.S. Dist. LEXIS 46822, at *11 n.3 (transferring case

---

[1] The following public interest factors are likely neutral or inapplicable: the enforceability of the judgment, the public policies of the fora, and the familiarity of the trial judge with applicable state law in diversity cases, the local interest in deciding local controversies at home, and relative administrative difficulty in the two fora resulting from court congestion.

14

to a more convenient forum and expressing concerns that forcing a defendant to submit to an inconvenient forum for purposes of efficiency where the same patents were asserted against another defendant would be "unfair[].").

Thus both the relevant public interest and private interest factors favor a transfer to the District of Massachusetts.

## VI. CONCLUSION

For the foregoing reasons, iBasis respectfully requests that the Court transfer venue in this case to the U.S. District Court for the District of Massachusetts.

OF COUNSEL:

Matthew J. Moore
Inge A. Osman
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
(202) 637-2200

Clement Naples
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200

July 27, 2012

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 27, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Kenneth L. Dorsney, Esquire<br>Mary B. Matterer, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Karen H. Bromberg, Esquire<br>Francisco A. Villegas, Esquire<br>Damir Cefo, Esquire<br>Maria Granovsky, Esquire<br>COHEN & GRESSLER LLP<br>800 Third Avenue<br>New York, NY  10022 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)