# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| EQUINIX, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AIP Acquisition LLC ("AIP") by way of this Complaint against Equinix, Inc. ("Equinix") hereby alleges with knowledge with respect to its own acts and upon information and belief with respect to all others:

## PARTIES

1. AIP is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024.

2. Equinix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Lagoon Drive, 4th Floor, Redwood City, California.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

4. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Equinix. Equinix is incorporated under the laws of the State of Delaware. Further, Equinix regularly conducts and solicits business in Delaware and derives substantial revenue from goods used or services rendered in Delaware and within this judicial district.

6. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Equinix resides in this judicial district and because Equinix has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

*AIP and the Patent*

7. The members of AIP are former shareholders of Arbinet Corporation ("Arbinet").

8. Arbinet is a leading wholesale international voice and data communications service provider, operating an electronic market for cost-effective and efficient trading, routing and settling of communications capacity. Arbinet owned a significant telecommunications patent portfolio.

9. In late 2010, Arbinet was acquired by another entity. Subsequently, a majority of Arbinet shareholders organized AIP, and acquired Arbinet's portfolio of patents and patent applications. The patent in suit is a part of this portfolio.

10. One of AIP's communications patents is at issue here. This patent concerns a method and system for providing connection and/or access to a distributed network involving a connection center with connections to network service providers with access to the distributed network; storing the network service providers' supplier parameters in a database; determining

routing information based on such parameters; routing of network traffic based on routing information and announcing the block of internet protocol addresses allocated to the user whereby the requesting user becomes a connected user; modifying network provider preference data stored for at least one connected user; and automatically migrating traffic from the first to the second network service provider, during which time the migrating traffic may be routed via either network service provider.

11. On December 30, 2008, the United States Patent and Trademark Office issued United States Patent No. 7,472,192 ("the '192 Patent") on a method and system for facilitating connection to a selected internet service provider. The Patent is entitled COMMUNICATION SYSTEM AND METHOD FOR CONNECTING TO MULTIPLE ISP'S. A copy of the '192 Patent is attached as Exhibit A.

12. AIP is the assignee of the '192 Patent.

*Equinix's Infringing Service*

13. Equinix makes, uses, offers for sale, and/or sells within this judicial district the Equinix Direct Service, which is an infringing communications service.

14. The communications service identified in Paragraph 13 provides connection and/or access to a distributed network involving a connection center with connections to network service providers with access to the distributed network; storing the network service providers' supplier parameters in a database; determining routing information based on such parameters; routing of network traffic based on routing information and announcing the block of internet protocol addresses allocated to the user whereby the requesting user becomes a connected user; modifying network provider preference data stored for at least one connected user; and

automatically migrating traffic from the first to the second network service provider, during which time the migrating traffic may be routed via either network service provider.

15. Discovery may show that Equinix makes, uses, offers for sale, and/or sells additional infringing communications services.

## CLAIMS FOR RELIEF

### Infringement of the '192 Patent

16. AIP repeats and re-alleges paragraphs 1-15 as if fully set forth herein.

17. Equinix, through at least the service identified in Paragraph 13, has been and still is infringing the '192 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '192 Patent, including at least Claims 1 and 32 of the '192 Patent.

18. As a direct and proximate result of Equinix's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Equinix under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

## DEMAND FOR JURY TRIAL

19. AIP requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AIP respectfully asks the Court for the following relief:

(i) A judgment declaring that Equinix has infringed the '192 Patent as alleged herein;

(ii) A judgment awarding AIP damages under 35 U.S.C. § 284;

 (iii) A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

 (iv) A judgment and order awarding AIP pre-judgment and post-judgment interest on the damages awarded; and

 (v) Such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| May 17, 2012 |   */s/ Mary B. Matterer* |
| | Richard K. Herrmann (I.D. #405) |
| Of Counsel: | Mary B. Matterer (I.D. #2696) |
| | Kenneth L. Dorsney (I.D. #3726) |
| Karen H. Bromberg | **MORRIS JAMES LLP** |
| Francisco A. Villegas | 500 Delaware Avenue, Suite 1500 |
| Damir Cefo | Wilmington, DE 19801 |
| Maria Granovsky (I.D. #4709) | (302) 888-6800 |
| **COHEN & GRESSER LLP** | mmatterer@morrisjames.com |
| 800 Third Avenue | |
| New York, New York 10022 | |
| (212) 957-7600 | |
| | *Attorneys for AIP Acquisition LLC* |