IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 12-616 (GMS) |
| IBASIS, INC., | |
| Defendant. | |

**JOINT STATUS REPORT**

Counsel for AIP Acquisition LLC ("AIP") and iBasis, Inc. ("iBasis") have met and conferred in accordance with Federal Rule of Civil Procedure 26(f) and jointly submit this Joint Status Report in response to the Court's Order dated December 18, 2012 (no docket number assigned).

IT IS ORDERED that:

1. **Jurisdiction and Service**. The parties agree that the Court has subject matter and personal jurisdiction over all of the parties in suit and that all parties have been properly served. At this time the parties are aware of no additional parties yet to be served.

2. **Substance of the Action**. AIP alleges that iBasis and Level 3 Communications, Inc. (in related case *AIP Acquisition LLC v. Level 3 Communications, Inc.*, C.A. No. 12-617 (GMS)) infringe U.S. Patent Nos. 5,606,602; 5,917,897; 6,757,275; 7,724,879; and 7,486,662 (collectively, "Asserted Patents"). iBasis contends that it does not infringe, and has not infringed, any valid claim asserted by AIP of the Asserted Patents. iBasis contends that the

claims asserted by AIP are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112. iBasis further asserts affirmative defenses including laches, estoppel, and waiver; prosecution history estoppel and prosecution disclaimer; limitations on damages under 35 U.S.C. §§ 286 and 287; and failure to state a claim.

3. **Identification of the Issues**. The issues in dispute are whether iBasis has infringed any claims of the Asserted Patents; whether the claims of the Asserted Patents are valid; whether AIP's claims for infringement are barred in whole or in part by, *inter alia*, laches, estoppel, waiver, prosecution history estoppel, prosecution history disclaimer, the limitations period of 35 U.S.C. § 286, the requirements of 35 U.S.C. § 287, and whether this case is exceptional.

4. **Narrowing of Issues**. The parties do not yet know which issues in this litigation can be narrowed by agreement or through motion practice. Discovery will be required, both from the parties in this litigation and third parties. The parties will continue to evaluate the issues presented to determine if further narrowing can be accomplished.

5. **Relief**. AIP has demanded monetary damages on its infringement claims. Discovery has not yet begun. Therefore, AIP is unable at the present time to identify the amount of damages that it is seeking from iBasis.

iBasis seeks (a) a declaratory judgment that it has not infringed any valid, enforceable claim of any Asserted Patent; (b) a declaratory judgment that the claims of the Asserted Patents are invalid; (c) a judgment that this case is exceptional; (d) an award of iBasis' attorneys' fees and expenses; and (e) such further relief as the Court may deem just and proper.

6. **Amendment of Pleadings**. At this time, the parties are not aware of any outstanding or pending amendments. The parties have agreed to a deadline for amendment of pleadings of December 1, 2013.

7. **Joinder of Parties**. At this time, the parties are not aware of any parties who may need to be joined to the present action. The parties have agreed to a deadline for joinder of parties of December 1, 2013.

8. **Discovery**.

    a. **Requests for Admission.** A maximum of 40 requests for admission are permitted for each party. There shall be no limit, however, on the number of requests for admission that a document or thing (i) is authentic or (ii) is a business record. This provision is not a waiver of either party's ability to argue that a particular set of requests for admission directed to authenticity or the business record exception constitutes an undue burden.

    b. **Interrogatories.** A maximum of 25 interrogatories, including contention interrogatories, are permitted for each party.

    c. **Document Production.** Document production shall be substantially completed by August 16, 2013.

    d. **Depositions.**

        i. Limitation on Hours for Deposition Discovery. Each party is limited to a total of **100** hours of taking testimony by deposition upon oral examination of fact witnesses (excluding non-party witnesses and experts), with a maximum of **7** hours per witness.

        ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party will be required to submit to a deposition

at a place of the witness' election within this district, New York City, NY, Burlington, MA, Washington, DC, or as otherwise agreed by the parties.

9. **Estimated Length of Trial**. The parties have conferred and respectfully request that the Court schedule 10 trial days for this case.

11. **Jury Trial**. Both parties have requested a jury trial for all issues so triable in this matter.

12. **Settlement**. The parties have begun engaging in settlement discussions, and those discussions are ongoing. The parties have also agreed to refer the case to Magistrate Judge ___ for mediation or other appropriate alternative dispute resolution procedures.

13. **Other Issues**. The parties believe that a protective order is necessary due to confidential information that will be exchanged in this action, and will submit a proposed protective order for the Court's approval.

Additionally, given the number of patents involved in this case, the parties request that they be permitted to have 30 pages for opening and answering claim construction briefs.

14. **Schedule**. The parties' proposed schedule is attached as Exhibit A.

15. **Certificate of Conference**. The parties have conferred about each of the above matters and submit this Joint Status Report as agreed.

December 28, 2012

| | |
|---|---|
| **MORRIS JAMES LLP** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
|   |   |
|     */s/ Kenneth L. Dorsney* |     */s/ Jack B. Blumenfeld* |
| Richard K. Herrmann (#405) | Jack B. Blumenfeld (#1014) |
| Mary B. Matterer (#2696) | 1201 North Market Street |
| Kenneth L. Dorsney (#3726) | P.O. Box 1347 |
| 500 Delaware Avenue, Suite 1500 | Wilmington, DE 19899 |
| Wilmington, DE 19801 | (302) 658-9200 |
| (302) 888-6800 | jblumenfeld@mnat.com |
| rherrmann@morrisjames.com | |
| kdorsney@morrisjames.com | OF COUNSEL: |
| mmatterer@morrisjames.com | |
| | Matthew J. Moore |
| OF COUNSEL: | Inge A. Osman |
| | LATHAM & WATKINS, LLP |
| Karen H. Bromberg | 555 Eleventh Street, N.W., Suite 1000 |
| Francisco A. Villegas | Washington, D.C. 20004 |
| Damir Cefo | (202) 637-2278 |
| Maria Granovsky (I.D. #4709) | |
| **COHEN & GRESSER LLP** | Clement J. Naples |
| 800 Third Avenue | LATHAM & WATKINS, LLP |
| New York, New York 10022 | 885 Third Avenue |
| (212) 957-7600 | New York, NY 10022 |
| | (212) 906-1331 |
| *Attorneys for Plaintiff* | |
| | *Attorneys for Defendant iBasis, Inc.* |

**Exhibit A**

| Deadline | Dates proposed jointly by AIP and iBasis |
|---|---|
| Rule 26 (a) Initial Disclosures | 02/14/2013 |
| Para 3 disclosures | 02/14/2013 |
| Plaintiff's Para 4(a) disclosures | 02/14/2013 |
| Defendant's Para 4(b) disclosures | 04/05/2013 |
| Plaintiff's Para 4(c) disclosures | 05/10/2013 |
| Defendant's Para 4(d) disclosures | 06/14/2013 |
| Joinder of other parties & amendment of pleadings | 12/1/2013 |
| Reliance upon advice of counsel | 15 days after the Court's *Markman* Order. |
| Production of opinion of counsel by defendants | 15 days after the Court's *Markman* Order. |
| *Markman* hearing | January 2014 |
| Exchange of claim terms | 08/30/2013 |
| Exchange of proposed constructions | 09/13/2013 |
| Submission of final joint claim chart | 09/27/2013 |
| Opening claim construction briefs | 11/8/2013 |
| Answering claim construction briefs | 12/6/2013 |
| Document production completed | 08/23/2013 |
| Fact discovery completed | 02/14/2014 |
| Opening expert reports | 03/14/2014 |
| Rebuttal expert reports | 04/18/2014 |
| Expert discovery completed | 05/23/2014 |
| | |
| Protective order | 30 days after scheduling order |
| | |
| Summary judgment opening letters | 06/12/2014 |
| SJ answering letters | 06/26/2014 |
| SJ reply letters | 07/03/2014 |
| | |
| Pretrial conference | November 2014 |
| Duration of trial | 10 days |
| Trial dates | December 2014 |