```
 1              IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                          - - -

 4   AIP ACQUISITION LLC,        )    Civil Action
                                 )
 5            Plaintiff,         )
                                 )
 6        v.                     )
                                 )
 7   IBASIS, INC.,               )
                                 )
 8            Defendant.         )    No. 12-616(GMS)

 9                          - - -

10                     Wilmington, Delaware
                     Friday, January 11, 2013
11                         10:15 a.m.
                          Teleconference
12
                            - - -
13
     BEFORE:  HONORABLE GREGORY M. SLEET, Chief Judge
14
     APPEARANCES:
15
             RICHARD K. HERRMANN, ESQ.
16           Morris James LLP
                  -and-
17           FRANCISCO A. VILLEGAS, ESQ.,
             KAREN H. BROMBERG, ESQ., and
18           DAMIR CEFO, ESQ.
             Cohen & Gresser LLP
19           (New York, N.Y.)

20                          Counsel for Plaintiff

21           JACK B. BLUMENFELD, ESQ.
             Morris Nichols Arsht & Tunnell LLP
22                -and-
             MATTHEW J. MOORE, ESQ., and
23           CLEMENT NAPLES, ESQ.
             Latham & Watkins LLP
24           (Washington, D.C. and New York, N.Y.)

25                          Counsel for Defendant
```

1       **THE COURT:** Good morning counsel. Counsel, who
2   is appearing for the plaintiff today?
3       **MR. HERRMANN:** Good morning Your Honor. It's
4   Richard Herrmann. I have with me Francisco Villegas from
5   the law firm of Cohen & Gresser. He has a couple folks with
6   him that I would like him to introduce to the Court
7       **MR. VILLEGAS:** Good morning, Your Honor.
8   Francisco Villegas for AIP as plaintiff. Also with me is
9   Karen Bromberg and Damir Cefo of Cohen & Gresser.
10      **MS. BROMBERG:** Good morning, Your Honor.
11      **THE COURT:** Good morning.
12      For the other side?
13      **MR. BLUMENFELD:** Good morning, Your Honor. Jack
14  Blumenfeld for iBasis, along with Matt Moore and Clem Naples
15  from Latham & Watkins.
16      **THE COURT:** Good morning. You don't have the
17  flu, do you, Mr. Blumenfeld?
18      **MR. BLUMENFELD:** I am just getting over a cold,
19  Your Honor. I made the mistake of sitting on an airplane
20  for six hours last night.
21      **THE COURT:** I am glad we are on the phone and
22  not in person.
23      I don't mean to make light of your condition.
24      **MR. BLUMENFELD:** I think the people on the plane
25  would have felt that way.

1      **THE COURT:  Counsel, let's go to Exhibit A,**
2  **right away.  I am not going to detain you long at all.**
3      **Plaintiff, if you would prepare a case**
4  **management order, consistent with my form of order, and get**
5  **it over by the 18th to the other side, so I can sign it and**
6  **docket it, that would be great.  Is that okay?**
7      **UNIDENTIFIED SPEAKER:  Yes Your Honor.**
8      **THE COURT:  I am going to adopt the dates,**
9  **assuming they are still in play, that you both proposed**
10 **jointly in Exhibit A.  Are the dates still good?**
11     **MR. VILLEGAS:  Yes, Your Honor.  If I may, I**
12 **would like to point out, bring to the Court's attention that**
13 **there is a related case, AIG Acquisitions versus Level 3**
14 **Communications, 12-CV-617.**
15     **THE COURT:  Yes, I am aware of that.  Is it the**
16 **desire of counsel to enter the same schedule as to that**
17 **matter as well?**
18     **MR. VILLEGAS:  No.**
19     **THE COURT:  I didn't think so.**
20     **MR. VILLEGAS:  No, not yet.  We believe it would**
21 **make sense to have a four-way schedule with Level 3 and**
22 **iBasis.  But Level 3 is not here on this call this morning.**
23     **THE COURT:  I didn't think so.  See, I don't**
24 **initiate this process, counsel.  So I did notice that when I**
25 **picked up the file only last evening.  There is nothing much**

1  that I can do about it today.  I imagined that Level 3
2  unfortunately is not on the call.
3              Let me ask you this, from both sides.  These are
4  two separate cases, related but separate nonetheless.
5  Right?
6              MR. BLUMENFELD:  Yes, they are separate, Judge.
7              THE COURT:  Does anybody wish to, on the line,
8  or think it appropriate, to have the 617 matter track the
9  schedule that we are about to establish for this 12-616
10 matter?
11             MS. BROMBERG:  We think its makes sense, from
12 the perspective even of a Markman hearing.  But we would
13 look to Your Honor for guidance on that.
14             THE COURT:  Does the other side concur in that
15 view?
16             MR. VILLEGAS:  Yes, AIP concurs in that view.
17 It might be convenient for the Court if we could have one
18 Markman.
19             THE COURT:  Absolutely.
20             What about the eventual, should it come to pass,
21 trial of the matter?  Is it the view that these cases should
22 be tried separately or together?
23             UNIDENTIFIED SPEAKER:  It is the view of the
24 defendants that they should be tried separately.
25             MR. VILLEGAS:  And we agree.

```
 1                THE COURT:  So the dates that we would discuss
 2   might be applicable to the 617 matter, except for the
 3   pretrial order, the pretrial conference, and the trial date?
 4   Yes?  No?  Maybe?
 5                MS. BROMBERG:  Yes.
 6                UNIDENTIFIED SPEAKER:  Yes.
 7                THE COURT:  I can issue an order in the 617
 8   case, a case management order, I think, and afford the
 9   non-appearing party today the opportunity to be heard
10   further by way of an additional teleconference, should it
11   become necessary.
12                UNIDENTIFIED SPEAKER:  That would be great, Your
13   Honor.
14                THE COURT:  Let's do that.  I will issue an
15   order in that case today, stating exactly that, and
16   affording them maybe seven business days or something like
17   that in order to be heard on any of the dates that I set.
18                Does that seem to make sense to the parties on
19   the line?
20                MS. BROMBERG:  Makes perfect sense.
21                UNIDENTIFIED SPEAKER:  Yes, Your Honor.
22                THE COURT:  Let's then go through real quick
23   Exhibit A.  I am going to adopt all of the dates and fill in
24   the blanks as follows, and the process you have suggested as
25   well, when you are going to provide information upon advice
```

1    of counsel and things of that nature, the protective order.
2              Our Markman will occur on January the 16th of
3    2014 commencing at 9:30, with both cases together, the 617
4    and 616.  How much time do you think we might need?  Any
5    ability to anticipate that?
6              UNIDENTIFIED SPEAKER:  It is a little hard to
7    tell right now, not having gone through any claim
8    construction discovery or really getting the terms.
9              THE COURT:  Any sense of how many claims are
10   being asserted here?
11             MR. VILLEGAS:  There is five patents.
12             THE COURT:  Let's do this.  I will set it down
13   for a day.  I am not going to give you any more than a day
14   anyway.  I don't take evidence, generally, at Markmans,
15   unless you prevail upon me otherwise.  And it hasn't
16   happened yet.
17             I will say for the record, I will consider
18   requests to take extrinsic evidence beyond dictionaries and
19   that kind of thing.
20             Let's set it down for January 16th at 9:30 for a
21   day.
22             The pretrial order will be due in chambers by
23   the close of business on October the 3rd of 2014.
24             We will convene a final pretrial conference here
25   in Wilmington commencing at 10:00 o'clock on November the

```
 1    5th.
 2              We will set it down for the beginning of a
 3    ten-day jury trial on December the 1st.
 4              Any problem with any of those dates, counsel?
 5              UNIDENTIFIED SPEAKER:  No, Your Honor.
 6              UNIDENTIFIED SPEAKER:  No, Your Honor.
 7              THE COURT:  Counsel, that completes my agenda.
 8    Let me open the floor to see if you need to talk to me about
 9    anything else.
10              MR. VILLEGAS:  AIP has nothing else, Your Honor.
11              UNIDENTIFIED SPEAKER:  IBasis has nothing else.
12              THE COURT:  I will leave it to Delaware counsel
13    to explain the important parts of the process, like how to
14    raise discovery disputes and the like.  Okay?
15              I will issue that order in the 617 case.  And
16    hopefully I won't have to get at least one of the sides on
17    the phone today or all of you back on the phone, because I
18    shouldn't imagine it would be a problem.  All I need to do,
19    as I understand it, from my list of things to do, is to
20    provide the other side -- and we can probably do this
21    informally -- with the trial date and the pretrial
22    conference and the pretrial order due date.
23              Same number of patents in the other case?
24              UNIDENTIFIED SPEAKER:  Yes, sir.
25              THE COURT:  We would need the same amount time
```

1  to try it, then.
2          Counsel, do you wish referral to the Magistrate
3  Judge system here for possible ADR, or not?
4          MS. BROMBERG:  The plaintiff is certainly open
5  to that, if the defendants are interested.  It only makes
6  sense if all the parties are interested in it.
7          THE COURT:  I agree with that.
8          UNIDENTIFIED SPEAKER:  Defendants have no
9  objection.  We are interested.
10         THE COURT:  There is some generic language on
11 the website form.  Just include that.  You don't need to
12 include a specific Magistrate Judge because they are now
13 making those assignments among themselves.  They will reach
14 out to you not right away, and it's they who need to reach
15 out to you, not you to them, and probably once you are a
16 good distance down the discovery road.  Okay?
17         MS. BROMBERG:  Perfect.
18         THE COURT:  Counsel, have a good weekend.  Take
19 care.
20         (Conference concluded at 10:28 a.m.)
21                   - - -
22 Reporter:  Kevin Maurer
23
24
25